IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-10030 |
| ) | |
| BRAMAN BENJAMIN BROY, ) | |
| ) | |
| Defendant. ) | |

**<u>GOVERNMENT'S BRIEF IN SUPPORT OF DETENTION</u>**

Defendant BROY is charged with receipt of child pornography, possession of child pornography, and access with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B). These crimes are "crimes of violence" pursuant to Title 18, United States Code, Section 3156(a)(4)(C). There is probable cause to believe that the defendant committed a these crimes. As such, a statutory presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C 3142(e).

On June 3, 2016, this Court conducted a detention hearing in this case. The parties presented evidence and the Court continued the hearing, requesting that the parties brief the issue of release on bond with a minor sibling at the same residence. As to this issue, the government submits that, although it is not

appropriate in this case, there is no statutory proscription to releasing the defendant to a home where a minor resides. Given the nature of the defendant's conduct as described at the detention hearing, and for the reasons more fully set forth below, the defendant should not be released at all and certainly not to a home where a minor resides.

The presumption of risk of flight and danger to the community is subject to rebuttal by the defendant who must introduce some evidence contrary to the presumed fact. As with any presumption case, once this burden of production is satisfied, the government bears the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of the evidence that the defendant presents a risk of flight.

To determine whether the presumptions of dangerousness and flight are rebutted by the defendant, the Court must consider:

> (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, past conduct; (4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

See 18 U.S.C. § 3142(g).

Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption favoring detention does not

disappear entirely, but remains a factor to be considered among those weighed by the court.

As set forth herein, the government believes that proffered evidence demonstrates by a preponderance of the evidence that the defendant is a serious risk of flight and by clear and convincing evidence that the defendant is a serious danger to the community, pursuant to Title 18, United States Code, Section 3142. As such, there are no conditions or combinations of conditions that will adequately ensure the safety of the community and deter flight. See 18, U.S.C, § 3142(g).

## RISK OF FLIGHT

The crimes charged potentially involve the most serious penalties available in District Court. Broy faces a statutory minimum of 5 years' imprisonment. On October 21, 2015, agents from the Federal Bureau of Investigation executed a federal search warrant at the defendant's residence in Bloomington, Illinois, where the defendant lived with his mother and younger sister. During execution of the warrant the defendant agreed to be interviewed, therein admitting that he began downloading and viewing child pornography in December 2014; that there was child pornography on his computer; that he had sexual interest in child pornography and would masturbate while viewing it; and that he would save

the links (site locations) to child pornography in a Microsoft Word document on his computer for future use.

Computer forensic examination of the defendant's computers revealed the existence of over 2,647 images and 530 videos of child pornography. Approximately 295 images contained nude male and female *infants*, some of the images showing oral, vaginal, and anal penetration. The Word document referenced by the defendant was also located, revealing 160 links to child pornography websites.

Given the serious penalties he faces for receiving and possessing these images of very young children being sexually abused, there is clearly a preponderance of the evidence that the defendant is a flight risk.

DANGER TO THE COMMUNITY

Child pornography crimes represent the continuing victimization of the children depicted in these images, which are in essence, crime scene images. Here, the defendant possessed thousands of child pornography images and hundreds of video files, including images which depict very young children. As noted above, he confessed to receiving this material and having a sexual interest in images displaying the sexual abuse and penetration of minors.

The question of a defendant's dangerousness in the child pornography context includes the ability, if the defendant is released on bail, to attempt to possess additional child pornography, or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography or other sexual abuse of children, which would also create a clear danger by facilitating the criminal and dangerous exploitation of children by other individuals. Thus, the danger to the community is not just that the defendant will abuse or harm a child, but encompasses online dangers as well. As the Bail Reform Act recognizes, child pornography-related offenses are themselves "crimes of violence." See 18 U.S.C. § 3156(a)(4)(C).

Here, Broy admitted to law enforcement that he had received child pornography and had a significant child pornography collection. Thus, this online danger cannot be disregarded. There are a myriad of ways and devices that the defendant could use to obtain child pornography or harm a child if released. This danger can only effectively be dealt with by detention.

## CONCLUSION

For each of the foregoing reasons, the government hereby moves for an order of detention.

Respectfully submitted,

JAMES A. LEWIS
*United States Attorney*


/s/ Ronald L. Hanna
Ronald L. Hanna
*Assistant United States Attorney*
*Office of the United States Attorney*
*211 Fulton Street, Suite 400*
*Peoria, Illinois  61602*
*Telephone: 309-671-7050*
*Facsimile: 309-671-7259*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2016, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will cause notice of the foregoing to be sent to:

Robert Alvarado
Attorney for Braman Benjamin Broy

/s/Debra L. Hansen
*Supervisory Legal Assistant*