## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CR-10030** |
| | ) | |
| **BRAMAN B. BROY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant Broy's Motions for Compassionate Release (D. 69; D. 72) and the Government's Response (D. 73). For the reasons set forth below, Defendant's Motions are DENIED.

## BACKGROUND

On January 9, 2017, Defendant entered a conditional plea of guilty to: (1) receipt of child pornography; (2) possession of child pornography; and (3) access with intent to view child pornography. (D. 26). On July 10, 2017, Defendant was sentenced to sixty-eight months on each of counts 1, 2, and 3, to be served concurrently, to be followed by eight years of supervised release. (D. 45). Defendant was further ordered to pay $3,000.00 per the six identified victims who submitted restitution requests, for a total of $18,000.00 in restitution. *Id.*

At the time of sentencing, Defendant had no criminal history, establishing a criminal history category stage I. (PSR ¶ 74). Based on a total offense level of 30 and a criminal history category I, Defendant faced a sentence between 97-121 months. He received a 68-month sentence, which was significantly lower than the guideline range. *Id.*  While in the Bureau of Prisons'

("BOP") custody, Defendant has had no disciplinary violations and completed dozens of educational classes. The BOP has assessed him as a low risk recidivism level. (D. 73-5; D. 73-6).

Defendant is currently incarcerated at FCI Ashland in Kentucky and has a projected release date of March 28, 2021. (D. 72-2; D. 73-5). According to BOP records, Defendant is scheduled to be transferred to the Human Service Center halfway house in Peoria, Illinois, on December 1, 2020. (D. 73-3). After completing four months at the halfway house, Probation has approved Defendant's mother's home in Bloomington, Illinois, as his release residence. (D. 73 at 3).

On June 24, 2020, Defendant filed a request with the warden for compassionate release based on concerns of contracting COVID-19. (D. 73-1). Defendant's request was denied on July 7, 2020, due to Defendant having no terminal medical condition, debilitating medical condition, elderly inmate status, or family circumstances that warranted release under § 3582(c)(1)(A). (D. 73-2).

Defendant then filed a Motion for Compassionate Release with this Court on August 24, 2020. (D. 69). On August 26, 2020, the Court appointed the Federal Public Defender to represent Defendant, and his attorney filed an Amended Motion for Compassionate Release on his behalf on September 2, 2020. (D. 72).  On September 10, 2020, the United States filed its Response Opposing Defendant's Motion for Compassionate Release. (D. 73). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days

have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

The Sentencing Guideline's policy statement defines what constitutes extraordinary and compelling reasons that warrant a sentence reduction. *See* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). Application notes explain that the medical condition of the defendant (i.e., if he suffers from a terminal illness or a serious physical or medical condition that "substantially diminishes [his] ability ... to provide self-care within the environment of a correctional facility and from which he ... is not expected to recover"), his age (i.e., if he is 65 and declining in health and has served a large portion of his sentence already), or his family circumstance (i.e., if the caregiver for his minor children dies or becomes incapacitated) can constitute extraordinary and compelling reasons warranting release. *Id.* § 1B1.13 cmt. n.1(A)–(C).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, 2020 WL 2395982 at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Finally, a court must deny a sentence reduction unless it determines that a defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

## DISCUSSION

Generally, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). Several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. *See* 18 U.S.C. § 3528(c)(1)(A). Since the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), an inmate is allowed to file a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for the BOP to file a motion or after waiting thirty days from when the inmate's request was received by the BOP, whichever is earlier. The Court finds the exhaustion requirements have been met, and therefore addresses this matter on the merits.

Defendant is a twenty-five-year-old male, who is in "generally good health" and has no history of physical health problems. (D. 72 at 4; PSR ¶¶ 58-62). Other than dental care, Defendant has had no documented health issues with the BOP. (D. 75-1). Defendant speculates he has gained 10-15 pounds since the lockdown started, which, if true, would give him a BMI of 30.8 at 5'10" and approximately 215 pounds, but his medical records do not support this finding. (D. 75-1).

Apart from speculation regarding his weight, Defendant identified no medical condition making him particularly susceptible to complications from COVID-19. Further, in contrast to some of the other BOP facilities where COVID-19 outbreaks are uncontrolled, FCI Ashland had no COVID-19 cases among its inmates at the time Defendant filed his Motion. (D. 72 at 5). Therefore, the Court finds Defendant has failed to meet his burden of establishing extraordinary and compelling circumstances justifying his release.

The Court's consideration of § 3553(a) factors also militates against early release for this Defendant. At the time of sentencing, based on a total offense level of 30 and a criminal history category of I, Defendant faced a 97- to 121-month guideline range. (PSR ¶ 74). Due in part to Defendant having no criminal history, the Court sentenced him to 68 months – a downward variance from the guidelines. (D. 45). The Court finds this sentence appropriate, considering the seriousness of Defendant's offenses.

Accordingly, the Court finds that his early release would not be justifiable under the § 3553(a) factors and denies Defendant's request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Defendant's Motions for Compassionate Release [69], [72] are DENIED.

Entered: September 23, 2020

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge